Lawrence, J.
Upon the trial various exceptions were taken to the rulings of the court. The counsel for the defendants objected, in the first place, to the trial proceeding on the ground that by section 544 of the Code of Civil Procedure it was essential before the action could be brought to trial that the plaintiff should have obtained leave to serve, and have served, a supplemental complaint alleging the material facts which have occurred since the action was at issue in regard to the death of the former plaintiff, and the facts under which the substituted plaintiff claims a right in his place. We are of the opinion that this exception was not well taken.
The order by which the present plaintiff was substituted for the former plaintiff was made not made not under section 544 of the Code nor under section 724 of the Code. It was made under section 757, which provides that: “In case of the death of a sole plaintiff, or a sole defendant, if the cause of action survives or continues, the court must upon a motion allow or compel the action to be continued by or against his representative or successor in interest.” Under that section there was no necessity for serving a supplemental or an amended complaint. For the same reason the objection to the order of substitution was properly overruled.
The sister of Joseph J. Garvey, the original plaintiff, was called as a witness, and was asked: “What time did he die?” This was objected to by the defendants, on the ground that the matter was not in issue. The question was per-' fectly proper to show the reason for the substitution, and that the interest of the former plaintiff had devolved by operation of law upon the present plaintiff.
The witness was also asked, “What family, if any, did he leave ? It was objected to, and the objection was over *231 ruled, and the remarks which have been made in regard to the previous exception apply to this.
The objections to the introduction in evidence of the deed from James Garvey to Michael Morrison, and to the deed from Morrison to James Garvey, were also properly overruled. It was necessary to have those deeds before the court for a proper understanding of the cause.
The objection taken by the plaintiff to the question put to the witness Malcolm in regard to the transactions between him and James Garvey were properly sustained, because they did not tend to throw any light upon the relations which James and John Garvey bore towards each other, in respect to the property which is the subject of this litigation.
Exhibits 9 and 10 were not improperly rejected, because there is nothing on the record to show by whom they were made out, nor that James Garvey ever saw them, or had any opportunity of ascertaining whether they were correct or incorrect, and surely they were not competent to contradict the papers which long before had been executed between James and John, and which, so far as the evidence shows, were never canceled or revoked.
The objections to the agreement of the 15th of December, 1869, and to the deed of the 14th of December, 1869, and to the landlord and tenant agreement of May 1, 1886, are equally untenable. Each and all of them related to the property in suit, and tended most strongly to show who was the owner thereof. Under chapter 195, Laws 1883, it was not necessary to call the subscribing witness to the agreement, and proof of the genuineness of the signatures could properly be made by other parties.
So far as the objections taken by the defendants relate to the seals, it. would appear from the evidence of Genet, that the papers were properly sealed, and so far as they relate to the validity of the agreement by which the alleged trust was created, it would appear that a seal is not necessary for the purpose of creating the trust in question. See Laws 1860, chap. 322, p. 547.
The motion to dismiss the complaint against the defendants Margaret Owens and Joseph Garvey was properly denied, the plaintiff having at that time established a jprima facie right to the property, and those defendants each claiming to have, and having an apparent interest therein.
We do not regard the refusal of the learned justice to receive in evidence the letters of administration upon the estate of James Garvey as erroneous, as all the parties who were ultimately interested in his estate were before the court.
*232 The objections at folio 86 of the case to the questions put to the witness Von Lecucen, in regard to the offer of James Garvey to sell the property were properly overruled, . because of immateriality.
We have looked at the other objections and exceptions-to the rulings of the court upon questions of evidence, and do not regard any of them as weU taken.
Upon the whole case we think that the evidence supports-the findings of fact and conclusions of law, which were made at special term, and that the exceptions to those findings, and to the refusals of the court to find, cannot, therefore be sustained.
The judgment must be affirmed, with costs.
Bartlett, J., concurs.